USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/7/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                             :
VIRGINIA NORMAN, *and on behalf of all other*    :
*persons similarly situated*,                             :
                                             :          1:18-cv-875-GHW
                            Plaintiff,   :
                                             :      MEMORANDUM OPINION
                  -v -                      :               AND ORDER
                                             :
TOD'S S.p.A.,                                     :
                                             :
                            Defendant.    :
----------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

       Plaintiff Virginia Norman, through counsel, initiated this action on January 31, 2018, bringing claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.* For the reasons stated below, this action is DISMISSED for failure to prosecute and for failure to comply with the Court's orders.

**I.    BACKGROUND**

       Plaintiff filed this action on January 31, 2018, bringing claims against Deva, Inc. and Tod's S.p.A. On February 16, 2018, the Court issued an order scheduling an initial pretrial conference for March 22, 2018 and directing the parties to submit a joint status letter and proposed case management plan no later than March 15, 2018. Dkt. No. 6. Pursuant to Rule 1(E) of the Court's Individual Rules of Practice in Civil Cases, any requests for adjournment must be filed at least two business days prior to date requested to be adjourned. On March 15, 2018, without submitting the joint status letter and case management plan due on that date and without having timely requested an adjournment of the deadline by which to submit those documents, Plaintiff requested an adjournment of the initial conference because she had not yet effectuated service on Defendants. Dkt. No. 8. The Court granted that request and adjourned the initial conference to April 24, 2018. Dkt. No. 10. In its order granting the adjournment, the Court directed the parties to file the joint

letter and proposed case management plan described in its February 16, 2018 order no later than April 17, 2018. *Id.*

By April 17, 2018, Plaintiff had filed no proof of service as to either Defendant, and neither Defendant had entered a notice of appearance. Plaintiff, as the only appearing party, failed to submit the joint letter and proposed case management plan due on that date. Nor did Plaintiff request an adjournment of the deadline. Accordingly, on April 18, 2018, the Court issued an order directing the parties to comply with the submission requirement forthwith. Dkt. No. 11. The Court received no response.

On April 20, 2018, the Court issued a second order directing the parties to submit the joint letter and proposed case management plan by the end of that day. Dkt. No. 12. Plaintiff remained the only party who had appeared and had not yet filed proof of service of process on the Defendants. In response to the Court's April 20 order, Plaintiff filed a letter requesting that the initial pretrial conference be adjourned a second time. Dkt. No. 13. Plaintiff explained that she had not yet effectuated service on Defendants and that her counsel was otherwise unavailable for the scheduled conference date. *Id.* The Court granted that request and adjourned the initial conference to May 29, 2018. Dkt. No. 14. The Court directed the parties to submit their joint status letter and proposed case management plan no later than May 22, 2018. *Id.*

Plaintiff requested that the Clerk of Court serve Defendant Tod's S.p.A. by registered mail pursuant to Rule 4(f)(2)(c)(ii). On April 24, 2018, the Clerk of Court mailed the summons and complaint to Tod's S.p.A. by registered mail. Dkt. No. 15.

On May 2, 2018, the Court issued an order to show cause why the claims against the domestic defendant, Deva, Inc., should not be dismissed for failure to serve process on that defendant within the time period permitted under Rule 4(m). Dkt. No. 16. The Court directed Plaintiff to respond no later than May 4, 2018. *Id.* Plaintiff filed no response, and on May 7, 2018,

the Court dismissed Plaintiff's claims against Deva, Inc. Dkt. No. 17.

The remaining parties subsequently failed to submit the joint status letter and proposed case management plan that were due on May 22, 2018. On May 23, 2018, the Court issued an order directing the parties to submit those documents forthwith, but in no event later than May 24, 2018. Dkt. No. 18. The Court received no response.

On May 25, 2018, the Court *sua sponte* adjourned the initial pretrial conference scheduled for May 29, 2018 to June 12, 2018. Dkt. No. 19. The Court directed that the joint status letter and proposed case management plan be submitted no later than June 5, 2018. *Id.* In the Court's May 25, 2018 order, the Court also warned Plaintiff that any further failure to meet deadlines, comply with the Court's orders, or otherwise advance this litigation could result in dismissal of her case under Federal Rule of Civil Procedure 16(f) or for her failure to prosecute under Federal Rule of Civil Procedure 41(b). *Id.*

The Court has not received the status letter and proposed case management plan that were due on June 5, 2018. Nor has the Court received a request from Plaintiff to adjourn that deadline. Accordingly, for the reasons discussed below, this case is dismissed.

## II. LEGAL STANDARD

### A. Rule 41(b)

Fed. R. Civ. P. 41(b) provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Although appellate courts apply a number of factors in reviewing a district court's decision

to dismiss an action for failure to prosecute, "a district court is not required to discuss each of the factors on the record." *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); *accord Dinkins v. Ponte*, No. 15-cv-6304 (PAE) (JCF), 2016 WL 4030919, at *3 (S.D.N.Y. July 26, 2016) ("[C]ourts need not discuss each factor, though the reasoning underlying their decisions should be apparent."); *Mahadi v. Johnson Controls, Inc.*, No. 02-cv-1256 (ILG), 2003 WL 21244545, at *3 (E.D.N.Y. Apr. 25, 2003) ("A court need not discuss" the relevant factors, "but the record will benefit from the reasoning of the Court.").

### B. Rule 16(f)

Fed. R. Civ. P. 16(f) provides, in relevant part, that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). "[A]ll litigants, including pro ses, have an obligation to comply with court orders." *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990) (citation omitted). The Rule 37 sanctions incorporated into Rule 16 include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). "Rule 16(f) incorporates the same standards developed under Rule 37(b)(2)." *Vajic v. API Restaurant Corp.*, No. 12-cv-757 (RWS), 2014 WL 4384148, at *2 (S.D.N.Y. Sept. 4, 2014).

The Second Circuit has identified several factors that "may be useful in evaluating a district court's exercise of discretion" to dismiss an action under Rule 37: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009) (citation omitted).

4

## III. DISCUSSION

The Court finds that dismissal of Plaintiff's complaint without prejudice pursuant to Rule 41(b) is warranted due to Plaintiff's failure to take meaningful steps to prosecute this action. This action has been pending for nearly six months. Yet the only steps taken by Plaintiff to litigate this matter have been requests for issuance of summonses and a request submitted to the Clerk of Court to serve process on Defendant Tod's S.p.A. *See* Dkt. Nos. 4, 7, 15. Plaintiff has requested two adjournments of the initial pretrial conference and, despite the Court's grant of those requests, has failed numerous times to submit the documents ordered to be submitted in advance of that conference. Plaintiff additionally offered no response to the Court's order to show cause why her claims against Deva, Inc. should not be dismissed. The Court views Plaintiff's repeated failure to respond to its orders—after the Court granted Plaintiff's untimely adjournment requests and after the Court issued an order to show cause—as evidence of Plaintiff's disinterest in proceeding with his case.

The Court also finds that dismissal without prejudice pursuant to Fed. R. Civ. P. 16(f) is warranted. As the procedural history recounted above makes clear, Plaintiff has failed to comply with four orders of this Court. The Court warned Plaintiff that failure to comply with the Court's orders could result in dismissal. Not only has Plaintiff failed to comply with orders, but she has provided the Court with no reason for her continued noncompliance. Because Tod's S.p.A. has not yet appeared, the responsibility for complying with the Court's orders to submit a status letter and proposed case management plan, or to request an adjournment of the submission deadline to allow Defendant to appear and jointly participate in the submission, rests on Plaintiff.

The Court has considered whether a lesser sanction is appropriate, and concludes—in light of Plaintiff's demonstrated disinterest in prosecuting this case and the time she has wasted of the Court—that it is not. *See Diaz v. Cortes*, No. 12-cv-2904 (ER), 2015 WL 542521, *2 (S.D.N.Y. Feb. 9,

5

2015) (dismissing complaint for failure to prosecute when plaintiff "ignored multiple court orders and deadlines without requesting any extension or offering any cause for the delay" and plaintiff failed to take any steps to advance the case during a six-month period); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666-68 (2d Cir. 1980) (affirming dismissal for failure to prosecute when plaintiff was inactive in the case for six months); *cf. Jackson v. City of New York*, 22 F.3d 71, 75 (2d Cir. 1994) (finding that dismissal for failure to prosecute constituted an abuse of discretion where the delays in the proceedings "appear[ed] to have been as much the defendants' fault as they were [plaintiff's]").

## IV. CONCLUSION

Plaintiff's complaint is dismissed without prejudice for failure to prosecute and for failure to comply with numerous orders of the Court.

Plaintiff is directed to serve a copy of this order on Defendant and to file proof of service on the docket.

The Clerk of Court is directed to adjourn all hearings, terminate all pending motions, and to close this case.

SO ORDERED.

Dated: June 7, 2018  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge